IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DERRICK ASKEW, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| R.L. REPPERT, INC., | ) | |
| RICHARD L. REPPERT, | ) | |
| TIMOTHY J. REPPERT, | ) | |
| R.L. REPPERT, INC. EMPLOYEES | ) | |
|   PROFIT SHARING 401(k) PLAN, | ) | |
| R.L. REPPERT, INC. MONEY | ) | |
|   PURCHASE PLAN (DAVIS BACON PLAN), | ) | Civil Action |
| R.L. REPPERT, INC. MEDICAL PLAN, and | ) | No. 11-cv-04003 |
| R.L. REPPERT, INC. HRA MEDICAL | ) | |
|   EXPENSE REIMBURSEMENT PLAN, | ) | |
| | ) | |
| Defendants and | ) | |
| Third Party Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CALIFORNIA PENSION ADMINISTRATORS | ) | |
|   & CONSULTANTS, INC., and | ) | |
| KISTLER TIFFANY BENEFITS CORP., | ) | |
| | ) | |
| Third Party Defendants | ) | |

\*   \*   \*

APPEARANCES:

> ROBERT J. KRANDEL, ESQUIRE
> WALTER H. FLAMM, JR., ESQUIRE
> > On Behalf of Defendants and Third-Party Plaintiffs

> ROBERT M. CAVALIER, ESQUIRE
> JORDAN S. TAFFLIN, ESQUIRE
> > On Behalf of Third-Party Defendant, California
> > Pension Administrators & Consultants, Inc.

> DAVID P. HELWIG, ESQUIRE
> PATRICIA A. FECILE-MORELAND, ESQUIRE
> > On Behalf of Third-Party Defendant, Kistler
> > Tiffany Benefits Corp.

\*   \*   \*

**O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

This matter is before the court on the separate motions of two third-party defendants to dismiss a Third Party Complaint filed against them jointly by seven defendants as third-party plaintiffs.  For the reasons expressed below, I grant both motions to dismiss and dismiss both third-party defendants from this lawsuit without prejudice for third-party plaintiffs to file an amended third party complaint.

Plaintiff in this putative class action, Derrick Askew, is a former employee of defendant R.L. Reppert, Inc., a construction contractor.  The company sponsors and administers four employee benefit plans, jointly referred to as "the Reppert Plans" for the benefit of its employees.  Each plan[1] is a named defendant in this action.

Defendants Richard L. Reppert and Timothy J. Reppert are trustees of two of the four plans (the 401(k) plan, and the money purchase plan).

Each of the seven defendants is also a third-party plaintiff in this action.  In their Third Party Complaint[2], they sue third-party defendants, California Pension Administrators &

---

[1]    The four defendant benefits plans are (1) R.L. Reppert, Inc. Employees Profit Sharing 401(k) Plan; (2) R.L. Reppert Inc. Money Purchase Plan (Davis Bacon Plan); (3) R.L. Reppert, Inc. Medical Plan; and (4) R.L. Reppert, Inc. HRA Medical Expense Reimbursement Plan.

[2]    The Third Party Complaint was filed September 15, 2011.

Consultants, Inc. ("CalPAC"), and Kistler Tiffany Benefits Corp. ("Kistler Tiffany").  CalPAC and Kistler Tiffany were contracted by defendants as plan administrators to establish, administer, and maintain the employee benefits plans.

Specifically, this matter is before the court on Kistler Tiffany Benefits Corp.'s Motion to Dismiss or, Alternatively, Motion for a More Definite Statement ("Kistler Tiffany Motion to Dismiss"), filed November 14, 2011;[3] and Motion of Third Party Defendant California Pension Administrators & Consultants, Inc. Pursuant to F.R.C.P. 12(b)(6) to Dismiss the Third Party Complaint as to California Pension Administrators & Consultants, Inc. ("CalPAC Motion to Dismiss"), filed November 18, 2011.[4]

Third-party plaintiffs filed their response in opposition to the  Kistler Tiffany Motion to Dismiss on November 28, 2011, and their response in opposition to the CalPAC Motion to Dismiss on December 2, 2011.[5]

---

[3]      Kistler Tiffany filed its Brief in Support of Kistler Tiffany Benefits Corp.'s Motion to Dismiss or, Alternatively, Motion for a More Definite Statement ("Kistler Tiffany Brief"), together with its motion to dismiss.

[4]      CalPAC filed its Memorandum of Law in Support of Motion of Third Party Defendant California Pension Administrators & Consultants, Inc. Pursuant to F.R.C.P. 12(b)(6) to Dismiss the Third Party Complaint as to California Pension Administrators & Consultants, Inc. ("CalPAC Memorandum"), together with its motion to dismiss.

[5]      Response of Reppert to the Motion to Dismiss by Third Party Defendant Kistler Tiffany Benefits Corp., filed November 28, 2011 ("Response to Kistler Tiffany Motion"); Response of Reppert to the Motion to Dismiss by Third Party Defendant CALPAC, filed December 2, 2011 ("Response to CalPAC Motion").

## SUMMARY OF DECISION

For the reasons expressed below, I grant the Kistler Tiffany Motion to Dismiss and the CalPAC Motion to Dismiss, and I dismiss the Third Party Complaint without prejudice for third-party plaintiffs to file an amended third-party complaint in accordance with this Opinion.

Specifically, I grant the Kistler Tiffany Motion and dismiss the Third Party Complaint against Kistler Tiffany because third-party plaintiffs do not aver sufficient facts to support a reasonable inference that Kistler Tiffany is a co-fiduciary with third-party plaintiffs pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").[6]

Additionally, I grant the CalPAC Motion and dismiss the Third Party Complaint against CalPAC because third-party plaintiffs do not aver sufficient facts to support a reasonable inference that CalPAC is a co-fiduciary with third-party plaintiffs pursuant to ERISA, or alternatively, an inference that CalPAC is a non-fiduciary and knowingly participated in a fiduciary breach with third-party plaintiffs.

## JURISDICTION

This court has jurisdiction in this matter pursuant to 28 U.S.C. § 1331 because plaintiff's Class Action Complaint

---

[6]     29 U.S.C. §§ 1001-1461.

alleges that defendants and third-party plaintiffs violated ERISA and, thus, poses a federal question.

## VENUE

Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of th events giving rise to this action occurred in Emmaus, Lehigh County, Pennsylvania and Berwyn, Chester County, Pennsylvania, which are each within this judicial district.

## PROCEDURAL HISTORY

Plaintiff Derrick Askew initiated this action on June 17, 2011 by filing a six-count Class Action Complaint on behalf of himself and a class of former and current employees of the defendants.

The Class Action Complaint alleges that defendants violated ERISA by failing to properly manage and administer various employee benefit plans and that defendants mismanagement of the plans constituted a breach of fiduciary duties owed pursuant to 29 U.S.C. § 1104.

On September 15, 2011, defendants -- and now third-party plaintiffs -- filed a Third Party Complaint against CalPAC and Kistler Tiffany.  The Third Party Complaint claims that third-party plaintiffs contracted with both Kistler Tiffany and CalPAC to administer and maintain the employee benefit plans at issue here.

On November 14, 2011, Kistler Tiffany filed its motion to dismiss the Third Party Complaint or, alternatively, for a more definite statement.  On November 18, 2011, CalPAC filed its motion to dismiss the Third Party Complaint and submitted a brief in support of this motion.  Third-party plaintiffs filed their brief in response to the Kistler Tiffany Motion on November 28, 2011, and to the CalPAC Motion on December 2, 2011.  Hence this Opinion.

## **STANDARD OF REVIEW**

A claim may be dismissed under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) motion requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).  Generally, in ruling on a motion to dismiss, the court relies on the complaint, attached exhibits, and matters of public record, including other judicial proceedings.  Sands v. McCormick, 502 F.3d 263, 268 (3d Cir. 2008).

Except as provided in Federal Rule of Civil Procedure 9, a complaint is sufficient if it complies with Rule 8(a)(2), which requires "a short and plain statement of the

claim showing that the pleader is entitled to relief".  Rule 8(a)(2) does not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.  <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. at 1974, 167 L.Ed.2d at 949.[7]

In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief.  <u>Fowler</u>, 578 F.3d at 210 (<u>citing</u> <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, <u>Fowler</u>, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits.  <u>Phillips</u>, 515 F.3d at 231.  Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element."  <u>Id.</u> at 234

---

[7]     The United States Supreme Court's Opinion in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868, 887 (2009), states clearly that the "facial plausibility" pleading standard set forth in <u>Twombly</u> applies to all civil suits in the federal courts.  <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009).  This showing of facial plausibility then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged", and that plaintiff is entitled to relief. <u>Fowler</u>, 578 F.3d at 210 (<u>quoting</u> <u>Iqbal</u>, 556 U.S. at 678, 129 S.Ct. at 1949, 173 L.Ed.2d at 884).

(quoting Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940)(internal quotations omitted).

The court is required to conduct a two-part analysis when considering a Rule 12(b)(6) motion.  First, the factual matters averred in the complaint, and any attached exhibits, should be separated from legal conclusions asserted.  Fowler, 578 F.3d at 210.  Any facts pled must be taken as true, and any legal conclusions asserted may be disregarded.  Id. at 210-211.

Second, the court must determine whether those factual matters averred are sufficient to show that the plaintiff has a "plausible claim for relief."  Id. at 211 (quoting Iqbal, 556 U.S. at 679, 129 S.Ct. at 1950, 178 L.Ed.2d at 884).

Ultimately, this two-part analysis is "context-specific" and requires the court to draw on "its judicial experience and common sense" to determine if the facts pled in the complaint have "nudged [plaintiff's] claims" over the line from "[merely] conceivable [or possible] to plausible."  Iqbal, 556 U.S. at 679-680, 129 S.Ct. at 1949-1951, 178 L.Ed.2d at 884-885.

A well-pled complaint may not be dismissed simply because "it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely."  Twombly, 550 U.S. at 556, 127 S.Ct. at 1965, 167 L.Ed.2d at 940-941 (internal quotations omitted).

**FACTS**

Based upon the averments in the Class Action Complaint and the Third Party Complaint, which I must accept as true for purposes of this Opinion under the applicable standard of review discussed above, the pertinent facts are as follows.

Plaintiff Derrick Askew is an adult individual and was an employee of defendant R.L. Reppert, Inc. from July 29, 2007 though August 31, 2008.[8]

Defendant R.L. Reppert, Inc. is a Pennsylvania corporation with its principal place of business in Emmaus, Lehigh County, Pennsylvania.  R.L. Reppert, Inc. is in the construction business as "a contractor performing construction work".[9]  Some of the contracting and construction work performed by R.L. Reppert, Inc. is subject to the prevailing wage laws of the Commonwealth of Pennsylvania which govern construction work performed by public or municipal entities.[10]

R.L. Reppert, Inc. administers and sponsors the four employee benefits plans named as defendants, which plaintiff Askew refers to together as "the Reppert Plans", for the benefit of plaintiff Askew and other employees of R.L. Reppert, Inc.[11]

---

[8]     Class Action Complaint at ¶ 4.

[9]     Class Action Complaint at ¶ 24.

[10]    Class Action Complaint at ¶ 25.

[11]    Class Action Complaint at ¶¶ 7-12.

Both defendant Richard L. Reppert and Timothy J. Reppert are individuals named as a trustees of both defendant R.L. Reppert, Inc. Employees Profit Sharing 401(k) Plan ("401(k) Plan"); as well as defendant R.L. Reppert, Inc. Money Purchase Plan (Davis Bacon Plan)("Money Purchase Plan").[12]

R.L. Reppert, Inc. hired plaintiff Askew and other employees to perform construction work based on a promise to deposit unpaid wages into a defined contribution pension plan.[13] Defendants also promised to provide plaintiff and other employees with non-pension fringe benefits.[14]

On November 5, 2008, plaintiff mailed a letter to R.L. Reppert, Inc. seeking information about the Reppert Plans. Defendants refused to produce plan documents to Mr. Askew unless he paid at least $1,800 for them.

As a result of R.L. Reppert, Inc.'s refusal and demand for payment, Mr. Askew filed suit against defendants in this

---

[12]    Class Action Complaint at ¶¶ 13-14.

[13]    Class Action Complaint at ¶ 27.

[14]    Class Action Complaint at ¶ 26.  Specifically, plaintiff avers that R.L. Reppert, Inc. promised

> (a)    to make payment of wages and fringe benefits at not less than the amount required by the prevailing wage laws of Pennsylvania for the work which they performed, and
>
> (b)    to deposit any amounts not paid in cash or other fringe benefits to fully-vested individual accounts in a defined contribution pension plan for the benefit of [Mr. Askew] and other employees.

Class Action Complaint at ¶ 27(a)-(b).

- 10 -

District (Civil Action No.: 09-cv-01446) and sought production of certain Reppert Plan documents.[15]  R.L. Reppert, Inc. then produced documentation concerning the Reppert Plans and plaintiff's initial lawsuit was dismissed without prejudice.[16]

Plaintiff later determined that the documents produced by R.L. Reppert, Inc. contained numerous deficiencies and did not comply with ERISA law and regulations.[17]  As a result of the information provided and alleged deficiencies, plaintiff now claims that R.L. Reppert, Inc. was neither making sufficient payments to plaintiff or class members nor administering the Reppert Plans in accordance with ERISA.[18]

Count One of plaintiff's Class Action Complaint alleges that defendant corporation, as plan administrator, failed to produce adequate documentation pursuant to 29 U.S.C. § 1024(b)(4).

In Count Two, plaintiff seeks an injunction requiring R.L. Reppert, Inc., and Richard L. Reppert and Timothy J. Reppert to produce all documentation in accordance with ERISA.

In Count Three, plaintiff avers that R.L. Reppert, Inc. and Richard and Timothy Reppert failed to provide adequate

---

[15]    Class Action Complaint at ¶ 39.

[16]    Class Action Complaint at ¶ 41.

[17]    Class Action Complaint at ¶ 42.

[18]    Class Action Complaint at ¶¶ 44-45.

documentation of trust instruments relating to the Reppert Plans in violation of 29 U.S.C. § 1103.

In Count Four, plaintiff claims that R.L. Reppert, Inc. and Richard L. Reppert and Timothy J. Reppert are fiduciaries pursuant to 29 U.S.C. § 1104 to the extent that they administer, manage, and distribute assets of the Reppert Plans.  Plaintiff further claims that through error and improper administration of the Reppert Plans, R.L. Reppert, Inc. and Richard and Timothy Reppert have breached their fiduciary duties toward plaintiff and the putative class members.

In Count Five, plaintiff alleges that defendants engaged in prohibited transactions as defined by and in violation of 29 U.S.C. § 1106 with respect to properly depositing residual wages into the Plans in a timely manner.

Finally, in Count Six, plaintiff avers that he and the putative class class members are entitled to benefits from the Plans which have not yet been paid to them.

Following the Class Action Complaint, defendants and third-party plaintiffs filed a Third Party Complaint against CalPAC and Kistler Tiffany.  CalPAC is a California business with its principal office in Los Angeles, California.[19]  Kistler

---

[19]     Third Party Complaint at ¶ 4.

Tiffany is a Pennsylvania business with its principal office in Berwyn, Chester County, Pennsylvania.[20]

Third-party plaintiffs aver that they contracted with CalPAC and Kistler Tiffany to "establish, administer, and maintain the Plans."[21]  Third-party plaintiffs further assert that Kistler Tiffany and CalPAC were "instrumental in establishing, administering, and/or maintaining the Plans" and that Kistler Tiffany and CalPAC owed a duty to third-party plaintiffs to perform their contracts in accordance with the requirements of ERISA.[22]

Pursuant to this purported duty, third-party plaintiffs contend that, to the extent CalPAC and Kistler Tiffany are considered co-fiduciaries with third-party plaintiffs, each is liable to third-party plaintiffs for any breach of fiduciary duty.  Third-party plaintiffs seek contribution and indemnification from third-party defendants as a remedy for this breach.[23]

Alternatively, third-party plaintiffs aver that, to the extent that Kistler Tiffany and CalPAC are not co-fiduciaries, both CalPAC and Kistler Tiffany are still liable to third-party plaintiffs.  Third-party plaintiffs assert that Kistler Tiffany

---

[20]    Third Party Complaint at ¶ 5.

[21]    Third Party Complaint at ¶ 12.

[22]    Third Party Complaint at ¶¶ 13, 14.

[23]    Third Party Complaint at ¶ 15.

and CalPAC knowingly participating in any breach of fiduciary duty committed by third-party plaintiffs.[24]  As a remedy, third-party plaintiffs seek contribution and indemnification from third-party defendants, as non-fiduciaries, for any such breach.

### CONTENTIONS OF THE PARTIES

#### Contentions of Third-Party Defendants

Third-party defendants contend that the Third Party Complaint fails to state a claim against them for contribution and indemnification.  Specifically, Kistler Tiffany and CalPAC contend that the pleadings contain no factual averments concerning the terms of, or the duties imposed by, their purported contracts with third-party plaintiffs and, therefore, do not establish that Kistler Tiffany and CalPAC are fiduciaries with respect to the Reppert Plans.

Moreover, Kistler Tiffany and CalPAC contend that the pleadings do not contain sufficient factual averments to support third-party plaintiff's assertion that Kistler Tiffany and CalPAC knowingly participated in any fiduciary breach committed by third-party plaintiffs.

#### Contentions of Third-Party Plaintiffs

Third-party plaintiffs contend that they entered into contracts with both Kistler Tiffany and CalPAC to establish, maintain, and administer specific employee benefit plans pursuant

---

[24]     Third Party Complaint at ¶ 16.

to the requirements of ERISA.  Third-party plaintiffs allege that each third-party defendant owed a fiduciary duty to third-party plaintiffs pursuant to the ERISA and are thus liable for contribution and indemnification to third-party plaintiffs.

Alternatively, third-party plaintiffs aver that if third-party defendants are not co-fiduciaries with third-party plaintiffs, both Kistler Tiffany and CalPAC nonetheless knowingly participated in any breach by third-party plaintiffs and, therefore, would be liable for contribution and indemnification for any judgment against third-party plaintiffs in this case.

## DISCUSSION

### Fiduciary Duties under ERISA

ERISA protects participants and beneficiaries of employee benefit plans by establishing standards of responsibility and conduct for fiduciaries of these plans. 29 U.S.C. § 1001(b).  A person is characterized as a fiduciary for purposes of ERISA if

> i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A).

- 15 -

Pursuant to this statutory definition, a person is a fiduciary if he or she exercises discretionary control, authority, or responsibility over an employee benefit plan.  Such discretion is more than simply influencing or offering advice to the trustee of a plan.  Schloegel v. Boswell, 994 F.2d 266, 271 (5th Cir.), cert. denied, 510 U.S. 964, 114 S.Ct. 440, 126 L.Ed.2d 374 (1993).

Ministerial tasks performed by one party also will not give rise to fiduciary duties as there is no discretionary power. Board of Trustees of Bricklayers and Allied Craftsman Local 6 of New Jersey Welfare Fund v. Wettlin Associates, Inc., 237 F.3d 270, 273 (3d Cir. 2000).  Rather, this discretion refers to actual decision-making power and rests on the facts of the particular case.  Pappas v. Buck Consultants, Inc., 923 F.2d 531, 535 (7th Cir. 1990).

Third-party plaintiffs aver that they contracted with both Kistler Tiffany and CalPAC for third-party defendants to "establish, administer, and maintain the Plans."[25]  Further, third-party plaintiffs broadly assert that third-party defendants "were instrumental in establishing, administering, and/or maintaining the Plans."[26]  However, the Third Party Complaint fails to aver any additional factual matter concerning the

---

[25]     Third Party Complaint at ¶ 12.

[26]     Third Party Complaint at ¶ 13.

- 16 -

contractual relationship between third-party plaintiffs and
Kistler Tiffany or CalPAC.

Given the minimal factual allegations concerning
Kistler Tiffany and CalPAV, I cannot determine, or even draw
reasonable inferences, concerning the nature of the contracts
between third-party plaintiffs and Kistler Tiffany or CalPAC.
Moreover, I am unable to ascertain the extent of any
discretionary tasks performed by third-party defendants under
their contract with third-party plaintiffs.

Accordingly, to the extent that third-party plaintiffs'
claim for contribution and indemnification is based on the
fiduciary status of either Kistler Tiffany or CalPAC, third-party
plaintiffs have not pled sufficient facts to establish that
status for either third-party defendant.

Additionally, the Third Party Complaint does not
include any factual averments concerning actions or omissions by
Kistler Tiffany of CalPAC with respect to the Reppert Plans, and,
therefore, does not sufficiently plead a breach of fiduciary
duties owed by Kistler Tiffany or CalPAC if it turns out that
either is an ERISA fiduciary.

Contribution and Indemnification Between Co-Fiduciaries

Assuming, arguendo, that third-party plaintiffs pled
sufficient facts to support a reasonable inference that Kistler
Tiffany and CalPAC are ERISA fiduciaries and that they breached

those duties, which I do not believe they have, I will address whether contribution and indemnification are available as remedies for a breach of fiduciary duty if one is shown.

Once a party is deemed a fiduciary, he is required to act for the sole benefit of the plan participants and beneficiaries "with the care, skill, prudence, and diligence... that a prudent man acting in a like capacity and familiar with such matters would use[.]"  29 U.S.C. § 1104(a),(b).  If a fiduciary breaches one of these duties, the participants and beneficiaries of the plan can assert a federal cause of action against all fiduciaries to seek all equitable and remedial relief as determined necessary by the court.  See 29 U.S.C. §§ 1109, 1132(a)(2).

Pursuant to ERISA, a fiduciary may also be held liable for a breach committed by another co-fiduciary under certain circumstances.  See 29 U.S.C. § 1105(a).  Specifically, Section 1105, which governs the circumstances giving rise to liability for the breach of a co-fiduciary, states that

> [i]n addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>
> (1)  if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;

> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a).  See also 29 U.S.C. § 1132(a)(defining who may bring a civil action under ERISA).

While ERISA does not explicitly provide for contribution or indemnification as a remedy, Congress afforded the courts broad power "to develop a 'federal common law of rights and obligations under ERISA-regulated plans.'" Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80, 92 (1989)(quoting Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 56, 107 S.Ct. 1549, 1158, 95 L.Ed.2d 39, 54 (1987)).  In doing so, courts are to be "guided by the principles of traditional trust law." Firestone, 489 U.S. at 111, 109 S.Ct. at 954, L.Ed.2d at 92.

Disagreement exists among the federal Circuit Courts concerning whether co-fiduciary remedies provided for in ERISA should be extended by federal common law.  Compare Chemung Canal Trust Company v. Sovran Bank/Maryland, 939 F.2d 12, 16 (2d Cir. 1991)(holding that federal courts are to establish federal common law for ERISA claims and a right of contribution is an available remedy for ERISA claims under traditional trust law); Alton

- 19 -

<u>Memorial Hospital v. Metro Life Insurance Company</u>, 656 F.2d 245,
250 (7th Cir. 1981)(same); <u>with</u> <u>Kim v. Fujikawa</u>, 871 F.2d 1427,
1432-33 (9th Cir. 1989)(holding that the legislative history of
ERISA does not afford federal courts the power to create
additional remedies under ERISA).

While the United States Court of Appeals for the Third
Circuit had not addressed this issue, the United States Courts of
Appeals for the Second Circuit and the Seventh Circuit,[27] and
district courts within this Circuit,[28] have extended ERISA
remedies to include federal common law remedies of contribution
and indemnification between co-fiduciaries.

The third-party defendants do not dispute that these
remedies are unavailable under ERISA.  Moreover, as a matter of
law, I agree with the district courts within this Circuit and
with the Second and Seventh Circuit Courts of Appeal that

---

[27]    <u>Compare</u> <u>Chemung Canal Trust Company</u>, 939 F.2d at 16 (holding that
federal courts are to establish federal common law for ERISA claims and a
right of contribution is an available remedy for ERISA claims under
traditional trust law); <u>Alton Memorial Hospital</u>, 656 F.2d at 250 (same);
<u>Copper v. Kossan</u>, 993 F.Supp. 375, 377 (E.D.Va. 1998)(same); <u>Duncan v.
Santaniello</u>, 900 F.Supp. 547, 551 (D.Mass. 1995)(same); <u>Jones v. Trevor,
Stewart, Burton and Jacobsen, Inc.</u>, 1992 U.S. Dist. LEXIS 14441, at *12
(N.D.Ga. August 20, 1992); <u>with</u> <u>Kim</u>, 871 F.2d at 1432-33 (holding that
Congress' legislative history for ERISA does not afford federal courts the
power to create additional remedies under ERISA); <u>Williams v. Provident
Investment Counsel, Inc.</u>, 279 F.Supp.2d 894, 900 (N.D. Ohio 2003)(same);
<u>Aks v. Southgate Trust Co.</u>,1992 U.S. Dist. LEXIS 20442, at *39 (D.Kan.
December 23, 1992)(same); <u>Narda Inc. v. Rhode Island Hospital Trust National
Bank</u>, 744 F.Supp. 685, 698 (D.Md. 1990)(same).

[28]    <u>Site-Blauvelt Engineers, Inc. v. First Union Corp.</u>,
153 F.Supp.2d 707, 709-10 (E.D.Pa. 2001)(Joyner, J.); <u>Green v. William Mason &
Co.</u>, 976 F.Supp. 298, 301 (D.N.J. 1997); <u>Cohen v. Baker</u>, 845 F.Supp. 289, 291
(E.D.Pa. 1994)(Cohen, J.).

contribution and indemnification are available remedies between co-fiduciaries in ERISA actions.[29]

In order to establish a claim for breach of a fiduciary duty, the plaintiff must aver some acts or omissions by an ERISA fiduciary in violation of the fiduciary's duties.

For example, the Third Circuit Appeals Court noted in Renfro v. Unisys Corporation that plaintiff's complaint alleged that defendant breached duties of loyalty and prudence by charging excessive fees to participants for the administration of plans.  671 F.3d 314, 319 (3d Cir. 2011).  In addition, plaintiff alleged that defendant failed to select and maintain retail funds for participants.  Id.

Moreover, to pursue a claim for liability based on the breach of a co-fiduciary pursuant to 29 U.S.C. § 1105(a)(1),(3), a plaintiff must allege that the defendant had actual knowledge of a fiduciary breach.  Renfro, 671 F.3d at 324.

Specifically, "the fiduciary must know the other person is a fiduciary with respect to the plan, must know that he participated in the act that constituted a breach, and must know

---

[29]    CalPAC's Memorandum asserts that Pennsylvania law does not recognize a right to contribution in breach of contract cases.  E. Elec. Corp. v. Rumsey Elec. Co., 2010 U.S. Dist. LEXIS 35758, at *5-6 (E.D.Pa. Apr. 8, 2010)(Surrick, J.).  In addition, CalPAC correctly states that Pennsylvania recognizes indemnification as a remedy only in specific situations.  National Railroad Passenger Corporation v. URS Corporation, 528 F.Supp.2d 525, 532 (E.D.Pa. 2007) (Baylson, J.).  However, the issue presented by these motions to dismiss is whether third-party plaintiffs can and have stated a claim for contribution and indemnification in this ERISA action pursuant to federal law.

that it was a breach."  Id. (citing Donovan v. Cunningham,
716 F.2d 1455, 1475 (5th Cir. 1983).

Furthermore, to pursue a claim for liability against
one fiduciary based upon the breach by a second co-fiduciary
under 29 U.S.C. § 1105(a)(2), a plaintiff must aver sufficient
factual matter to support a reasonable inference that that the
first fiduciary's breach caused his co-fiduciary to also commit a
breach.  Renfro, 671 F.3d at 324 n.5.

Third-party plaintiffs aver that Kistler Tiffany and
CalPAC were "instrumental in establishing, administering, and/or
maintaining the Plans."[30]  Third-party plaintiffs rely on this
averment to conclude that both Kistler Tiffany and CalPAC,
through their contracts, owed a duty to third-party plaintiffs in
such capacity to give rise to a claim for contribution and
indemnification against third-party defendants.[31]

As previously explained, third-party plaintiffs offer
no factual averments -- beyond the existence of contracts between
third-party plaintiffs and Kistler Tiffany and CalPAC -- to
explain the actual role either third-party defendant played with
respect to the Reppert Plans.

Unlike the plaintiff in Renfro, third-party plaintiffs
here have not alleged any acts or omissions of Kistler Tiffany or

---

[30]    Third Party Complaint at ¶ 13.

[31]    Third Party Complaint at ¶ 14.

CalPAC with respect to the Reppert Plans or in violation of the purported contracts.  Additionally, third-party plaintiffs fail to aver actual knowledge of a fiduciary breach by Kistler Tiffany or CalPAC as required to plead a claim for liability based on the breach of a co-fiduciary pursuant to 29 U.S.C. § 1105(a)(1),(3).

Rather, third-party plaintiffs simply assert, in a conclusory manner, that Kistler Tiffany and CalPAC are ERISA fiduciaries and owed a duty to third-party plaintiffs without providing any further explanation of this relationship. Consequently, I am unable to determine whether there is a plausible claim for contribution and indemnification because of a breach of fiduciary duty by third-party defendants.

<u>Contribution and Indemnification</u>

<u>from Non-Fiduciaries</u>

Alternatively, third-party plaintiffs aver that even if Kistler Tiffany and CalPAC are not co-fiduciaries, each third-party defendant is nonetheless liable as a non-fiduciary because each knowingly participated in any breach by third-party plaintiffs.[32]

Section 1132(a)(2) of ERISA permits the Secretary of Labor, participants, beneficiaries, or other fiduciaries to bring a civil action against another fiduciary for breach of his or her fiduciary duties.  <u>See</u> 29 U.S.C. §§ 1109(a), 1132(a)(2).

---

[32]    Third Party Complaint at ¶ 16.

However, ERISA is silent as to whether these parties can bring a civil action against a non-fiduciary arising from a breach committed by a fiduciary.

Section 1132(a)(3) "authorizes a 'participant, beneficiary, or fiduciary' to bring a civil action 'to enjoin any act or practice which violates any provision of [ERISA Title I]...or...to obtain other appropriate equitable relief...to redress such violations.'"  Harris Trust and Savings Bank v. Salomon Smith Barney, Inc., 530 U.S. 238, 243, 120 S.Ct. 2180, 2185, 147 L.Ed.2d 187, 195 (2000)(quoting Section 1132(a)(3)) (alteration and omissions in original).

In Harris Trust, the Court held that 29 U.S.C. § 1106(a), together with § 1132(a)(3), provided for a cause of action by a participant, beneficiary, or fiduciary against a "nonfiduciary 'party in interest' to a transaction barred by [§ 1106(a)]."  530 U.S. at 241, 120 S.Ct. at 2184, 147 L.Ed.2d at 194.

However, section 1132(a)(3) "does not authorize suit against 'nonfiduciaries charged solely with participating in a fiduciary breach.'"  Renfro v. Unisys Corporation, 671 F.3d 314, 325 (3d Cir. 2011)(quoting Reich v. Compton, 57 F.3d 270, 284 (3d Cir. 1995)).  Rather, there must be evidence that the non-fiduciary is a person in interest and has participated in a

prohibited transaction with a fiduciary as defined in 29 U.S.C.
§ 1106.  Reich, 57 F.3d at 287.

Accordingly, an ERISA action by a participant,
beneficiary, or fiduciary against a non-fiduciary is permitted if
there is evidence that the non-fiduciary defendant knowingly
participating in a prohibited transaction as a party in interest.

A "party in interest" is defined in 29 U.S.C.
§ 1102(14) to include a fiduciary, a person providing services to
a plan, a corporation, or persons covered by the plan.  In
addition, 29 U.S.C. § 1106 lists prohibited transactions between
a fiduciary and a party in interest.  Some of these transactions
include selling or exchanging property, lending money, or
transferring assets of the plan.  Id.

If there is evidence that a non-fiduciary has engaged
in a prohibited transaction with a party in interest, the
plaintiff is entitled to "appropriate equitable relief" as a
remedy.  Harris Trust, 530 U.S. at 241, 120 S.Ct. at 2184,
147 L.Ed.2d at 193.

Neither the Class Action Complaint, nor the Third Party
Complaint contain allegations that any prohibited transactions
occurred between any third-party plaintiff and either Kistler
Tiffany or CalPAC.  Accordingly, the pleadings contain no factual
averments which would support a plausible claim of liability
against Kistler Tiffany or CalPAC based upon their involvement,

as non-fiduciaries, in any breach of fiduciary duty committed by any third-party plaintiff.

The Third Circuit has not determined if contribution and indemnification remedies qualify as the appropriate equitable relief envisioned in Harris Trust.  See Ruggieri v. Quaglia, 2008 U.S.Dist. LEXIS 104028, at *17-19 (E.D.Pa. December 24, 2008)(Rice, J.).

Nonetheless my colleague, now-Chief Judge J. Curtis Joyner, has held that contribution and indemnification are not available remedies against non-fiduciaries in ERISA actions. Glaziers and Glassworkers Union Local 252 Annuity Fund v. Newbridge Securities Inc., 823 F.Supp. 1191, 1196 (E.D.Pa. 1993).

Third-party plaintiffs' claim for contribution and indemnification from Kistler Tiffany and CalPAC as non-fiduciaries is lacking.  As discussed above, the Third Party Complaint and Class Action Complaint do not contain any factual averments which, taken as true, show that either third-party defendant was a party in interest to a prohibited transaction with any third-party plaintiff.  Accordingly, the alternative, non-fiduciary theory of liability advanced by third-party plaintiffs does rescue their contribution and indemnification claim against Kistler Tiffany and CalPAC.

Thus, at this time I need not determine whether contribution and indemnification are "appropriate equitable

relief" for non-fiduciaries because third-party plaintiffs have
failed state a claim against third-party defendants as non-
fiduciaries.

Finally, I am not persuaded with third-party
plaintiffs' argument in its Response to CalPAC Motion that third-
party plaintiffs cannot plead with more specificity in their
Third Party Complaint because plaintiff Askew has not identified
specific deficiencies with respect to the Reppert Plans.

Plaintiff Askew has specifically pled which deficient
and inadequate documents defendants provided plaintiff.
Moreover, plaintiff has alleged particular violations of ERISA
with respect to the Plans.  Indeed, defendants and third-party
plaintiffs filed an Answer to the Class Action Complaint on
August 31, 2011.

Because third-party plaintiffs aver that they entered
into contracts with Kistler Tiffany and CalPAC, third-party
plaintiffs should be aware of, and able to provide factual
averments concerning, (1) the terms of those contracts; (2) what
Kistler Tiffany and CalPAC were required by those contracts to do
with respect to the Reppert Plans -- particularly what
discretionary authority each had over the Reppert Plans; and
(3) the acts or omissions of Kistler Tiffany and CalPAC allegedly
constituting a breach of Kistler Tiffany and or CalPAC's
fiduciary duties.

- 27 -

For the reasons stated above, I grant the Kistler Tiffany Motion to Dismiss and the CalPAC Motion to Dismiss, and I dismiss the Third Party Complaint.

## CONCLUSION

The Third Party Complaint alleges that third-party defendants, Kistler Tiffany and CalPAC, are co-fiduciaries with third-party plaintiffs with respect to the Plans, making third-party defendants liable for contribution and indemnification to third-party plaintiffs for any judgment against third-party plaintiffs.

Alternatively, the Third Party Complaint asserts that, even if Kistler Tiffany and CalPAC are not co-fiduciaries with third-party plaintiffs, third-party defendants are still liable for contribution and indemnification to third-party plaintiffs for knowingly participating in third-party plaintiffs' fiduciary breach with respect to the Reppert Plans.

Because the Third Party Complaint fails to provide sufficient facts to support a reasonable inference about third-party defendants' respective roles in the Reppert Plans, I grant the Kistler Tiffany Motion to Dismiss and the CalPAC Motion to Dismiss. Therefore, I dismiss the Third Party Complaint without prejudice for third-party plaintiffs to file an amended third party complaint in accordance with this Opinion.