<u>IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA</u>

```
DERRICK ASKEW,                              )
                                            )    Civil Action
            Plaintiff                       )    No. 11-cv-04003
                                            )
    v.                                      )
                                            )
R.L. REPPERT, INC.,                         )
RICHARD L. REPPERT,                         )
R.L. REPPERT, INC. EMPLOYEES                )
   PROFIT SHARING 401(k) PLAN,              )
R.L. REPPERT, INC. MONEY                    )
   PURCHASE PLAN (DAVIS BACON PLAN),        )
                                            )
            Defendants and                  )
            Third-Party Plaintiffs          )
                                            )
    v.                                      )
                                            )
CALIFORNIA PENSION ADMINISTRATORS &         )
   CONSULTANTS, INC.,                       )
                                            )
            Third-Party Defendants          )
```

## **O P I N I O N**

JAMES KNOLL GARDNER
United States District Judge

This matter is before the court on Plaintiff's Motion for Reconsideration of Order on Summary Judgment.  Plaintiff filed his Motion for Reconsideration on February 19, 2016 together with a memorandum of law in support and exhibits.

Defendants filed Defendants and Third Party Plaintiffs R.L. Reppert Inc., et al[.]'s Response and Memorandum of Law to Plaintiff's Motion for Reconsideration on Summary Judgment on February 24, 2016 together with Exhibit A.

For the reasons expressed below, I deny Plaintiff's Motion for Reconsideration of Order on Summary Judgment.

**FACTS AND PROCEDURAL HISTORY**

The pertinent facts, background and procedural history underlying this action were addressed in great detail in this court's February 5, 2016 Opinion.  In the interests of brevity, I incorporate them herein.

In the February 5, 2016 Opinion and accompanying Order, I granted in part and denied in part both plaintiff's and defendants' cross-motions for summary judgment.

By Plaintiff's Motion for Reconsideration of Order on Summary Judgment ("Motion for Reconsideration"), filed February 19, 2016 together with memorandum of support and exhibits, plaintiff now moves for reconsideration of that February 5, 2016 Order and Opinion.  Plaintiff seeks reconsideration pursuant to the court's inherent power to correct interlocutory orders as well as pursuant to Federal Rules of Civil Procedure 59 and 60.

On February 24, 2016 defendants filed their response to plaintiff's Motion for Reconsideration, entitled Defendants and Third Party Plaintiffs R.L. Reppert Inc., et al[.]'s Response and Memorandum of Law to Plaintiff's Motion for Reconsideration on Summary Judgment, together with Exhibit A.

**STANDARD OF REVIEW**

Ordinarily, a motion for reconsideration may be decided under either Federal Rule of Civil Procedure 59 or 60. However, neither Rule 59 or 60 applies here, because this court's February 5, 2016 Order and Opinion is not a final, appealable order that conclusively resolves all of the claims at issue in this case.  See Bridges v. Colvin, 2015 WL 5737353, at *4 (E.D.Pa. Sept. 30, 2015) (Leeson, J.) (citing Andrews v. United States, 373 U.S. 334, 340, 83 S.Ct. 1236, 1240 10 L.Ed.2d 383, 388 (1963) and Pellicano v. Blue Cross Blue Shield Association, 540 Fed.App'x 95, 97 n.4 (3d Cir. 2013)).

Instead, this court considers plaintiff's motion pursuant to its "'inherent power over interlocutory orders,' which permits the Court to 'reconsider them when it is consonant with justice to do so.'"  Bridges, 2015 WL 5737353, at *4 (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)); also American Guarantee & Liability Insurance Company v. Fojanini, 99 F.Supp.2d 558, 560 (E.D.Pa. 2000) (Reed, S.J.).

"[C]ourts tend to grant motions for reconsideration sparingly and only upon the grounds traditionally available under Federal Rule of Civil Procedure 59(e)."  Bridges, 2015 WL 5737353, at *4 (quoting A&H Sportswear Company v. Victoria's Secret Stores, Incorporated, 2001 WL 881718, at *1 (E.D.Pa. May 1, 2001) (Van Antwerpen, J.)).

-3-

In other words, plaintiff must show "at least one of the following grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct clear error of law or fact or to prevent manifest injustice." Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Insurance Company v. CIGNA Reinsurance Company, 52 F.3d 1194, 1218 (3d Cir. 1995)); see also Harsco Corporation v. Zlotnick, 779 F.2d 906, 909 (3d Cir. 1985).

## DISCUSSION

Here, plaintiff does not contend that there was an intervening change in controlling law. Rather, plaintiff argues that (1) there is newly available evidence and that (2) the court made several clear errors of fact and of law.

### New Evidence

In the context of a motion for reconsideration, new evidence "does not refer to evidence that a party . . . submits to the court after an adverse ruling. Rather, new evidence . . . means evidence that a party could not earlier submit to the court because that evidence was not previously available." Blystone v. Horn, 664 F.3d 397, 415-416 (3d Cir. 2011)(quoting Howard Hess Dental Laboratories, Incorporated v. Dentsply International Incorporated, 602 F.3d 237, 251 (3d Cir. 2010)).

Here, plaintiff seeks to present records it recently obtained from two former custodians of the R.L. Reppert, Inc. Employees Profit Sharing 401(k) Plan ("the 401(k) Plan"), namely, Matrix Financial Solutions, Inc. and Stifel Trust Company, N.A.  According to plaintiff, "[a]fter the cross-motions for summary judgment were filed and briefed, Plaintiff . . . deciphered minuscule clues from Richard Reppert's deposition and Internet research to identify the . . . custodians of the prior records of the Reppert 401(k) Plan . . . and retrieve those remaining records with trial subpoenae." Motion for Reconsideration at page 3.

To be specific, plaintiff took the deposition of defendant Richard L. Reppert, Sr. on February 12, 2015.  At that deposition, Mr. Reppert identified several possible names for the former custodians of the 401(k) Plan.[1]  Fact discovery in this case concluded on March 20, 2015.  Plaintiff filed its motion for partial summary judgment on April 10, 2015, and defendants filed their motion for summary judgment on July 31, 2015.  Briefing on those cross-motions for summary judgment concluded on August 14, 2015.

---

[1] See e.g., Oral deposition of Richard L. Reppert, Sr., taken at the law offices of Flamm Walton, PC, Westfield Corporate Center, 4905 Tilghman Street, Suite 310, Allentown, Pennsylvania, on February 12, 2015, before Mary Ann Cadden, Certified Court Reporter and Notary Public ("Reppert, Sr. Deposition") at pages 52, 78 and 146 (Document 73-20).

Plaintiff now claims that sometime after August 14, 2015, plaintiff followed up on leads discovered during the Reppert, Sr. Deposition on February 12th. Plaintiff then acted on those leads by serving trial subpoenas on Stifel Trust Company, N.A. and Matrix Financial Solutions, Inc. on November 13, 2015 and December 2, 2015, respectively.

In other words, at the earliest, plaintiff conducted an internet search for the custodians nearly five months after the conclusion of fact discovery and over six months after the Reppert, Sr. Deposition. Plaintiff then took another three months to serve a trial subpoena on the first of those custodians. The date on which plaintiff served the second of the subpoenas, December 2nd, was 293 days after the Reppert, Sr. Deposition, 257 days after the close of fact discovery, 110 days after the cross-motions for summary judgment were fully briefed, and 2 days after this case was originally scheduled for trial.

Plaintiff has offered no explanation for this delay and why he could not have conducted an internet search for the custodians and served subpoenas on them in a timely fashion. Plaintiff did not possess this "new evidence" earlier only because he did not look for it. That does not mean that it was "previously unavailable", and plaintiff may not rely on it as a ground for reconsideration. "Though motions to reconsider empower the court to change course when a mistake has been made,

-6-

they do not empower litigants . . . to raise their arguments piece by piece." United States v. Dupree, 617 F.3d 724, 732-733 (3d Cir. 2010) (internal quotations and corrections omitted).

### Clear Errors of Law or Fact

Plaintiff also contends that this court made several clear errors of fact and law:  in particular, plaintiff argues that (1) the court erred in granting summary judgment for defendants regarding Count III of plaintiff's class action complaint, because there was no evidence of a segregated trust or custodial account for the 401(k) Plan assets prior to 2010; (2) the court erred in allegedly requiring plaintiff to prove the absence of an audit exemption for the 401(k) Plan; (3) the court erred in granting summary judgment for defendants regarding plaintiff's Counts IV-VI, because there is "record evidence" of missing plan assets and payments; and finally, (4) the court erred in granting summary judgment for defendants regarding Counts I and II.

First, plaintiff argues that because "[t]here was no evidence of a segregated account with any plan assets before . . . 2010 . . . [there is] nothing in the summary judgment record to support summary judgment for Defendants on Count III." Motion for Reconsideration at page 9.

As a preliminary matter, plaintiff misstates his burden at the summary judgment stage.  "[W]ith respect to an

-7-

issue on which the nonmoving party bears the burden of proof . . . the burden on the moving party [at summary judgment] may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." Celotex Corporation v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265, 275(1986).

After the moving party, in this case the defendants, makes the above "showing", then "the non-moving party has the duty to set forth specific facts showing that a genuine issue of material fact exists and that a reasonable factfinder could rule in its favor." Ridgewood Board of Education v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

"A plaintiff . . . cannot avert summary judgment by resting on the allegations in his pleadings, but rather must present evidence from which a jury could find in his favor." Sheridan v. NGK Metals Corporation, 609 F.3d 239, 250 n. 12 (3d Cir. 2010). "In this respect, summary judgment is essentially 'put up or shut up' time". Berckeley Investment Group, Limited v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006).

Plaintiff ultimately bears the burden of proving at trial that the defendants violated the Employee Retirement Income Security Act ("ERISA"), in this case by failing to establish a trust. Cf. Jenkins v. Union Labor Life Company,

543 Fed.App'x 180, 183 (3d Cir. 2013), stating that plaintiff bears the burden of proof on each element of an equitable estoppel claim under 29 U.S.C. § 1132(a)(3) (citing International Union, U.A.W. v. Skinner Engine Company, 188 F.3d 130, 152 (3d Cir. 1999)).

However, as explained in the court's February 5, 2016 Order and Opinion, plaintiff could not identify any evidence that would allow the factfinder to find in its favor at trial. Plaintiff's unsupported claim cannot survive summary judgment, notwithstanding his present claim that there was "no evidence of a segregated account with any plan assets", or in other words, that there was no evidence directly negating his claim. There is "no expressed or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim." Celotex, 477 U.S. at 323, 106 S.Ct. at 2553, 91 L.Ed.2d at 274 (emphasis in original).

Moreover, plaintiff's claim that there was no evidence of a segregated trust or custodial account to support summary judgment for Defendants is incorrect. For example, as already mentioned, Richard L. Reppert stated during his deposition that there were several custodians, which received and held the assets of the 401(k) Plan. Reppert, Sr. Deposition at pages 52, 78, 146.

Additionally, on each Form 5500 filed for the 401(k) Plan, Richard L. Reppert certified, on penalty of perjury, that it was true, correct and complete.  See e.g., 2005 Annual Return/Report of Employee Benefit Plan (Document 73-7) at P4001. Thus, Richard L. Reppert certified, among other things, that the plan assets were held in trust.  See e.g., id. at P4002, P4006.

Indeed, although, as discussed above, the court will not consider the "new evidence" that plaintiff seeks to present as grounds for reconsideration, I note that the "new evidence" undermines plaintiff's original claim and demonstrates that there were, in fact, segregated custodial accounts prior to 2010.

In either case, I am not persuaded that I have committed clear error in granting summary judgment for defendants on plaintiff's Count III.

Plaintiff also contends that I erroneously placed on him the burden of proving that defendants failed to satisfy the three conditions for an audit exemption as provided in 29 C.F.R. 2520.104-46(b)(1)(i).  In support of this contention, plaintiff cites Martin v. Cooper Electrical Supply Company, 940 F.2d 896, 900 (3d Cir. 1991).  Plaintiff further argues that no evidence "in the prior and even the supplemented record" shows that those three conditions were met.

Plaintiff's citation of Martin is inapposite. The United States Court of Appeals for the Third Circuit in Martin held that the burden of proving an exemption from overtime pay requirements Section 13(a)(1) of the Fair Labor Standards Act ("FLSA") falls on the employer. 940 F.2d at 900. Martin does not speak to ERISA or the audit exemption involved here.

Additionally, plaintiff's claim that no evidence existed in the summary judgment record to suggest that the three audit exemption conditions were met is also inaccurate. As mentioned above, in each of the Form 5500s filed for the 401(k) Plan during the relevant period, Richard L. Reppert certified that, among other things, the 401(k) Plan qualified for the audit exemption. See e.g., 2005 Annual Return/Report of Employee Benefit Plan at P4005. Although these certifications may not have been much evidence, plaintiff failed to identify any evidence that would have rebutted it.

Plaintiff has not demonstrated the "clear error", which requires a "definite and firm conviction that a mistake has been committed", that is required for reconsideration. United States v. Jaxin, 292 F.Supp.2d 670, 676 (E.D.Pa. 2003) (DuBois, J.) (quoting Easley v. Cromartie, 532 U.S. 234, 242, 121 S.Ct. 1452, 1458, 149 L.Ed.2d 430, 444 (2001)).

Moreover, plaintiff failed to raise or brief this legal issue -- regarding where the burden of proving the audit

exemption provided for in 29 C.F.R. 2520.104-46 lies -- prior to his present motion for reconsideration.  As already explained, "[i]n order to show clear error . . . [plaintiff] must base its motion on arguments that were previously made but were overlooked by the Court . . . .  motions for reconsideration should not be used to put forth additional arguments which [plaintiff] could have made but neglected to make before judgment."  Jaxin, 292 F.Supp.2d at 676-677 (internal corrections and quotations omitted); see also Federico v. Charterers Mutual Assurance Association Limited, 158 F.Supp.2d 565, 577-578 (E.D.Pa. 2001) (Yohn, J.).

       Finally, as discussed above, the court will not consider any of the "new evidence" or new arguments that plaintiff now contends demonstrate that defendants failed to satisfy the three audit exemption conditions.

       Plaintiff next contends that the court erred in granting summary judgment for defendants on Counts IV, V and VI, with respect to allegedly missing plan assets.

       Plaintiff does not make entirely clear to what extent the issues he raises now in his motion for reconsideration rely on "new evidence" and to what extent they rely on the original summary judgment record, albeit re-packaged.  However, it is of no import, because I cannot consider any of it.  I will not consider the "new evidence" that plaintiff obtained from the

former custodians, because it was not actually new evidence that was unavailable prior to summary judgment.

I will also not entertain any new arguments based on old evidence which are presented for the first time in plaintiff's motion for reconsideration.  Plaintiff attaches several "compilations" of information in plaintiff's "paystubs, participant statements, custodial statements and other documents in the record", which purport to show that plaintiff did not receive $860.46 in unpaid vacation benefits and that defendants may have failed to properly implement the automatic deferral of certain pay.  Declaration of Ronald Feldman (Document 134-7) at ¶ 6.

Plaintiff had the opportunity to compile this evidence and present all of his arguments six months earlier at summary judgment, "put up or shut up" time.  Colkitt, 455 F.3d at 201.  If he had done so, the court would have given them due consideration.  However, plaintiff is not permitted to raise them for the first time in his motion for reconsideration.  See Jaxin, 292 F.Supp.2d at 676-677; Federico, 158 F.Supp.2d at 577-578.

Even now, with the benefit of "new evidence", plaintiff can do little more than raise doubts.  As he writes: "[w]e cannot tell how many other employees were shorted"; "[t]his is incredibly unlikely . . . and suggests that Reppert

failed to follow the terms of the plan on this issue"; "[t]he failure to implement the automatic deferral . . . may also have caused a loss". Motion for Reconsideration at pages 15-16.

In light of the foregoing, I am not persuaded that I have committed any clear error of fact or law regarding missing plan assets, as alleged in Counts IV-VI.

Finally, plaintiff argues that I erred in granting summary judgment for defendants on Count II and those parts of Count I regarding custodial agreements and statements.

Plaintiff does not identify how I erred in granting summary judgment for defendants on Count II. Therefore, plaintiff is not entitled to reconsideration on that part of my February 5, 2016 Order and Opinion.

Regarding Count I, plaintiff contends that I should assess penalties for the defendants' failure to provide the former custodial agreements with Matrix Financial Solutions, Inc. and Stifel Trust Company, N.A. as well as for "custodial statements" obtained from them.

As explained in the February 5, 2016 Opinion, plaintiff may present evidence of prior custodial agreements at trial. If plaintiff demonstrates that they, like the Nationwide Trust Company Agreement, were required to be produced under 29 U.S.C. § 1024(b)(4), then I will consider them in assessing document production penalties.

However, I will not assess penalties for any "custodial statements" that plaintiff recently obtained from Matrix Financial Solutions, Inc. and Stifel Trust Company, N.A. Plaintiff claims that my February 5, 2016 Order and Opinion did not address these documents, because "there was no prior record that they existed".

To the extent that these documents were not, in fact, addressed by my previous opinion, I may not consider them now because they were not previously unavailable to plaintiff. Plaintiff may not present new arguments that he could have made at summary judgment. See Jaxin, 292 F.Supp.2d at 676-677; Federico, 158 F.Supp.2d at 577-578.

Even if I were to consider them now, plaintiff has not articulated a legal basis for why these documents, unlike the depository documents that I considered in my previous opinion, are the type of formal documents governing the plan that fall under 29 U.S.C. § 1024(b)(4).

## CONCLUSION

For all the above reasons, plaintiff's Motion for Reconsideration is denied.