```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | |
|---|---|
| DERRICK ASKEW,                                )  |  |
|                                               )  | Civil Action |
|           Plaintiff                           )  | No. 11-cv-04003 |
|                                               )  |  |
|      v.                                       )  |  |
|                                               )  |  |
| R.L. REPPERT, INC.;                           )  |  |
| RICHARD L. REPPERT;                           )  |  |
| R.L. REPPERT, INC. EMPLOYEES                  )  |  |
|   PROFIT SHARING 401(k) PLAN;                 )  |  |
| R.L. REPPERT, INC. MONEY                      )  |  |
|   PURCHASE PLAN (DAVIS BACON PLAN);           )  |  |
| R.L. REPPERT, INC. MEDICAL PLAN;              )  |  |
| R.L. REPPERT, INC. HRA MEDICAL                )  |  |
|   EXPENSE REIMBURSEMENT PLAN,                 )  |  |
|                                               )  |  |
|           Defendants and                      )  |  |
|           Third-Party Plaintiffs              )  |  |
|                                               )  |  |
|      v.                                       )  |  |
|                                               )  |  |
| CALIFORNIA PENSION ADMINISTRATORS &           )  |  |
|   CONSULTANTS, INC.,                          )  |  |
|                                               )  |  |
|           Third-Party Defendants              )  |  |

**MEMORANDUM CONCERNING APPEALS**

This Memorandum Concerning Appeals ("Memorandum") is filed in response to the Notice of Appeal filed by plaintiff Derrick Askew on October 21, 2016 and to the Notice of Appeal filed by defendants R.L. Reppert, Inc., Richard L. Reppert, R.L. Reppert, Inc. Employees Profit Sharing 401(k) Plan, R.L. Reppert, Inc. Money Purchase Plan (Davis Bacon Plan), R.L. Reppert, Inc. Medical Plan, and the R.L. Reppert, Inc. HRA

Medical Expense Reimbursement Plan (collectively, "defendants") on October 25, 2016.

Plaintiff Derrick Askew appeals from United States Magistrate Judge Henry S. Perkin's Order dated and filed December 3, 2013 (Document 55), my Order dated and filed September 30, 2014 (Document 58), Magistrate Judge Perkin's Order dated and filed April 10, 2015 (Document 74), my Order dated November 19, 2015 and filed November 20, 2015 (Document 124), my Order and Opinion dated February 4, 2016 and filed February 5, 2016 (Documents 132 and 133), my Order and Opinion dated and filed February 26, 2016 (Documents 141 and 142), my Order dated and filed February 29, 2016 (Document 145), and my Verdict and Adjudication dated and filed September 30, 2016 (Documents 160 and 161).

Defendants appeal from my Verdict and Adjudication dated and filed September 30, 2016 (Documents 160 and 161).

Rule 3.1 of the Local Appellate Rules for the United States Court of Appeals for the Third Circuit permits the trial judge to file a written opinion or amplification of a prior written or oral recorded ruling or opinion within 30 days of the docketing of a notice of appeal.

With respect to my Order dated November 19, 2015 and filed November 20, 2015 (Document 124), my Order and Opinion dated February 4, 2016 and filed February 5, 2016 (Documents 132

and 133), my Order and Opinion dated and filed February 26, 2016 (Documents 141 and 142), my Order dated and filed February 29, 2016 (Document 145), and my Verdict and Adjudication dated and filed September 30, 2016 (Documents 160 and 161), I believe that the reasons, analysis and legal authority for the above-listed rulings and opinions are adequately expressed therein and that no amplification or supplemental writing is necessary.[1]

However, I believe that it would be helpful for purposes of appellate review to briefly elaborate on the reasoning and analysis expressed in footnote three of my Order dated and filed September 30, 2014 (Document 58).

Footnote three of my September 30, 2014 Order explained the basis for my overruling plaintiff's objection to paragraph two of Magistrate Judge Perkin's Order dated and filed December 3, 2013 (Document 55), which denied that part of Plaintiff's Motion to Compel Defendants to Cooperate in Discovery ("Plaintiff's Motion to Compel") (Document 52)

---

[1] As noted above, plaintiff also appeals from two Orders filed by United States Magistrate Judge Henry S. Perkin.  Because I did not author and issue those Orders, I do not believe it appropriate or permissible for me to supplement or amplify those Orders.

However, plaintiff has previously filed objections to those Orders, and I have ruled on those objections.  As expressed in this Memorandum, I decline to supplement my Order dated November 19, 2015 and filed November 20, 2015 (Document 124), which overruled plaintiff's objections to Magistrate Judge Perkin's Order dated and filed April 10, 2015 (Document 74), but this Memorandum will supplement my Order dated and filed September 30, 2014 (Document 58), which overruled in part and sustained in part plaintiff's objections to Magistrate Judge Perkin's Order dated and filed December 3, 2013 (Document 55).

requesting a court order compelling defendants to produce documents pursuant to plaintiff's document requests 3.01 and 3.04.

Plaintiff's document requests 3.01 and 3.04, as articulated in Plaintiff['s] Request for Production of Documents Directed to All Defendants, requested:

> 3.01   All Documents, Records and Summaries not previously produced evidencing the terms of the Reppert Plans during the Relevant Period. . . .
>
> 3.04   All Documents, Records or Summaries relating to your answer to Plaintiffs' First Set of Interrogatories to Defendants.[2]

Defendants' initial response to plaintiff's interrogatories regarding plan documents stated in relevant part that defendants "previously produced all non-objectionable responsive documents in its possession . . . .  To the extent any documents identified by [plaintiff] were not produced . . . [defendants] do not have any such documents."[3]

---

[2]   See Document 52-4 at page 17.

[3]   Answers and Objections of R.L. Reppert, Inc. Defendants to Plaintiff's First Set of Interrogatories (Document 52-5) at pages 3-4.

Both parties produced this document, defendants' response to plaintiff's interrogatories, attached as Exhibit 2 to Plaintiff's Motion to Compel (Document 52-5) and Exhibit E to Defendants, R.L. Reppert, Inc., et. al.'s, Response to Plaintiff's Motion to Compel Defendants to Cooperate in Discovery ("Defendants' Response") (Document 53).  However, neither party produced any document that purports to be defendants' response to plaintiff's document requests.  It is not clear whether this omission is the result of a mistake or whether no such document exists.

Defendants' response to Plaintiff's Motion to Compel reiterated that they "had already provided the documents in [their] possession pursuant to [plaintiff's document r]equest[s] 3.01 and 3.04" and gave detail on the specific documents that they had produced.[4]

Upon consideration of the above, Magistrate Judge Perkin denied that part of Plaintiff's Motion to Compel seeking an order to compel defendants to produce documents pursuant to plaintiff's document requests 3.01 and 3.04, because Judge Perkin found defendants' submissions credible as to the fact that "any responsive documents in Reppert Defendants' possession have been produced, and any additional responsive documents may be in the possession of Third-Party Defendants."[5]

Plaintiff objected to Judge Perkin's determination, arguing that "[a]t no point in its responses did [defendants] assert or represent that the documents that are responsive to the particular requests have been produced."[6]  Plaintiff further contended that "[i]f Reppert does not possess the requested documents, it has every opportunity to by indicating same [sic]

---

   [4]    Defendants' Response (Document 53) at page 7; see id. at pages 5-6, 9, 19-20, 43-44.

   [5]    Order of United States Magistrate Judge Henry S. Perkin dated and filed December 3, 2013 (Document 55) at page 1.

   [6]    [Plaintiff's] Statement of Objections to Magistrate's Order of December 3, 2013 ("Plaintiff's Objections") (Document 56) at page 11.

in its verified responses. . . .  Reppert has failed to take a position one way or the other."[7]

Plaintiff's objections are factually unsupported and in no way demonstrate that paragraph two of Magistrate Judge Perkin's December 3, 2013 Order is clearly erroneous or contrary to law.

As noted above, and as plaintiff himself acknowledges, defendants' initial responses to his interrogatories did, in fact, assert that they had "previously produced all non-objectionable responsive documents in its possession".[8]  To the extent that defendants' initial response was non-specific, Defendant's Response to Plaintiff's Motion to Compel remedied that lack of specificity by detailing the documents defendants previously produced to plaintiff and the dates on which those documents were produced and by attaching exhibits in support.[9]

Moreover, contrary to plaintiff's claim otherwise, defendants repeatedly stated, both in their initial response to plaintiff's interrogatories as well as in their response to Plaintiff's Motion to Compel, that "[t]o the extent any documents identified by [plaintiff] were not produced . . .

---

[7] Plaintiff's Objections (Document 56) at page 11.

[8] Answers and Objections of R.L. Reppert, Inc. Defendants to Plaintiff's First Set of Interrogatories (Document 52-5) at pages 3-4; see Plaintiff's Objections at page 11.

[9] Defendants' Response (Document 53) at pages 5-7, 9, 19-20, 43-44.

[defendants] do not have any such documents."[10] Plaintiff himself recognized that "[s]uch a response" -- the response plaintiff did, in fact, receive -- "would be more than sufficient".[11]

For the foregoing reasons, and for the reasons articulated in footnote three of my September 30, 2014 Order, I respectfully suggest that it would be appropriate for the United States Court of Appeals for the Third Circuit to affirm that Order, overruling Plaintiff's Objections to paragraph two of United States Magistrate Judge Henry S. Perkin's December 3, 2013 Order.

                                                                            _/s/ JAMES KNOLL GARDNER_____
                                                                            James Knoll Gardner
                                                                            United States District Judge

Date:  October 31, 2016

---

    [10]    Answers and Objections of R.L. Reppert, Inc. Defendants to Plaintiff's First Set of Interrogatories (Document 52-5) at pages 3-4.

    [11]    Plaintiff's Objections (Document 56) at page 11.